IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JANICE LORENZ, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 11-1126 |
| MAGEE WOMEN'S HOSPITAL OF U.P.M.C., | ) ) ) | Judge Cathy Bissoon |
| Defendant. | ) ) | |

**MEMORANDUM AND ORDER**

**I.   MEMORANDUM**

Pending before the Court is Defendant Magee Women's Hospital of U.P.M.C.'s Motion to Dismiss (Doc.8). For the reasons stated herein, the Court will deny Defendant's motion.

**BACKGROUND**

**A. Factual Background**

Plaintiff Janice Lorenz is a former employee of Defendant UPMC.[1] Am. Compl. ¶¶ 7-8 (Doc. 7). Plaintiff began working for Defendant in 1998, as a department assistant at Defendant's Mercy Hospital ("Mercy"). Id. at ¶ 10. Plaintiff is over the age of forty. Id. at ¶ 15. Plaintiff has anxiety, high blood pressure, and panic attacks, which she alleges are disabilities. Id. at ¶ 33.

In March 2008, Plaintiff received a new supervisor, Anita Nowak. Id. at ¶ 12. Plaintiff alleges that "[i]n December 2009, Plaintiff and Nowak had disagreements about hospital policies

---

[1] Plaintiff named "Magee Women's Hospital of U.P.M.C." as the defendant in the caption of her amended complaint, but identified "U.P.M.C." as the defendant in the body of her amended complaint. Am. Compl. ¶ 8 (Doc. 7). The proper identity of Defendant is immaterial to resolution of Defendant's motion to dismiss, and the Court will assume the Defendant is "UPMC," which according to the amended complaint, operates both Magee Women's Hospital and Mercy Hospital.

1

and Nowak resented Plaintiff due to her protected classes (age and disability), complaints and requests for accommodations and [Family and Medical Leave Act] activity." Id. at ¶ 13.

Plaintiff generally alleges that "Nowak continually objected to Plaintiff," "resented Plaintiff," and "made Plaintiff's employment inconvenient to force her resignation." Id. at ¶¶ 16-18. On December 22, 2009, Nowak changed Plaintiff's work assignment to require Plaintiff to work at Defendant's Magee Women's Hospital ("Magee") on selected days per week. Id. at ¶¶ 19-20. Plaintiff alleges that this work assignment change was made "to harass Plaintiff and interfere with her employment routine," and that "[t]here was no prevailing legitimate business reason to" make the change. Id. On January 4, 2010, Nowak moved up Plaintiff's start date to work at Magee, allegedly "to intentionally cause further inconvenience." Id. at ¶ 21. On January 10 and 11, 2010, Nowak and younger co-workers allegedly "verbally harassed Plaintiff." Id. at ¶ 22. Plaintiff further alleges that "Nowak and the younger co-workers yelled and humiliated Plaintiff during her training at Magee." Id. at ¶ 23.

Plaintiff also alleges that Nowak "pulled stunts to single out and embarrass Plaintiff because of her age." Id. at ¶ 26. As an example of such behavior, Plaintiff alleges that "Nowak threw documents all over the floor on purpose and then ordered only that the Plaintiff get down and pick them all up while Nowak and younger co-workers laughed at her." Id. at ¶ 27. According to Plaintiff, the alleged harassment by Nowak "caused Plaintiff to suffer disabling severe panic attacks, high blood pressure and anxiety." Id. at ¶ 29.

On January 13, 2010, Plaintiff alleges that she complained to human resources that she was being harassed by Nowak and younger co-workers. Id. at ¶ 31. Plaintiff also informed human resources of her disabilities and requested "a transfer away from harassing behavior due to her disabilities." Id. at ¶ 33.

On January 21, 2010, Plaintiff alleges that Nowak "disciplined" Plaintiff for a "vague 'attitude' issue," "specifically reprimanded Plaintiff about complaining to HR about her," and "specifically threatened Plaintiff's employment and told Plaintiff she should find another job." Id. at ¶¶ 38, 40, 41.

On January 22, 2010, Plaintiff requested medical leave due to her anxiety, high blood pressure, and panic attacks. Id. at ¶ 45. Nowak allegedly "immediately retaliated against Plaintiff by approaching her and threatening Plaintiff's employment should she continue with the pursuit of leave." Id. at ¶ 46. Plaintiff's leave request was approved, and Plaintiff informed Nowak and Defendant that she could return to work in nine weeks, on March 29, 2010, with approval of Plaintiff's physician. Id. at ¶ 52. Plaintiff's physician also requested that Plaintiff use three additional weeks of medical leave intermittently through December 20, 2011, as needed, to minimize stress. Id. at ¶ 53. Nowak allegedly "threatened Plaintiff that if she utilized 'intermittent' Family Medical leave, Nowak would intentionally schedule Plaintiff to work in the harassing environment of Magee every day of the week." Id. at ¶ 55.

Plaintiff also requested, as a reasonable accommodation under the Americans with Disabilities Act ("ADA"), to be scheduled to work at Mercy and not Magee. Id. at ¶ 65. Plaintiff alleges that Defendant "temporarily permitted Plaintiff to return to work at Mercy," that "Defendant's tone established that Plaintiff solely working at Mercy was temporary," and that "Plaintiff anticipated a return to Magee and continued harassment." Id. at ¶¶ 66, 67, 73. Plaintiff alleges she was constructively discharged due to intolerable conditions and took another job. Id. at ¶ 75-76.

B. **Procedural Background**

Plaintiff brings this action pursuant to the Age Discrimination in Employment Act ("ADEA"), ADA, and the Family and Medical Leave Act ("FMLA"), and appears to assert four causes of action:

    a. Age Discrimination (harassment, duties and assignments);

    b. Disability Discrimination (harassment, denied accommodation and interactive process);

    c. Retaliation after complaining about discrimination and requesting accommodations;

    d. Interference with rights protected by the FMLA (threats by a supervisor that deterred and interfered with full enjoyment).

Am. Compl. ¶ 82 (Doc. 7). Defendant filed the instant motion to dismiss, asserting that Plaintiff has failed to state a claim because she does not allege any conduct that rises to the level of actionable harassment or constructive discharge, she was granted her requested accommodation, she does not allege any conduct to support a claim for retaliation, and she did not seek to exercise any rights under the FMLA that were denied.

**ANALYSIS**

In deciding a motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to the plaintiff. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008). To survive a motion to dismiss, the factual allegations in a complaint must "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, __, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The plaintiff must plead "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]" of the plaintiff's cause of action. Great Western Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 177 (3d Cir. 2010) (quoting Phillips, 615 F.3d at 177) (quotation marks omitted).

A. **Age Discrimination**

From Plaintiff's amended complaint (Doc. 7) and brief in opposition to Defendant's motion to dismiss (Doc. 12), it appears Plaintiff's ADEA claim is based on a theory of discriminatory work assignment, hostile work environment and/or constructive discharge. Defendant's brief in support of its motion to dismiss (Doc. 9) addresses only the hostile work environment and constructive discharge theories of discrimination.

Assuming the ADEA makes available a hostile work environment claim for age-based discrimination, such a claim is analyzed under the same standards as a Title VII hostile work environment claim. Slater v. Susquehanna Cnty., No. 11-1726, 2012 U.S. App. LEXIS 406, at *13 (3d Cir. Jan. 9, 2012). The existence of an actionable hostile work environment is determined by examining "the totality of the circumstances." West v. Phila. Elec. Co., 45 F.3d 744, 753 (3d Cir. 1995) (quoting Andrews v. City of Phila., 895 F.2d 1469, 1482 (3d Cir. 1990)). "Conduct that is not severe or pervasive enough to create an objectively hostile or abusive work environment-an environment that a reasonable person would find hostile or abusive-" is not actionable discrimination. Id. (quoting Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993)).

Constructive discharge requires a "greater severity or pervasiveness of harassment than the minimum required to prove a hostile working environment." Spencer v. Wal-Mart Stores, Inc., 469 F.3d 311, 317 n.4 (3d Cir. 2006) (quoting Landgraf v. USI Film Prods., 968 F.2d 427, 430 (5th Cir. 1992)). "Constructive discharge occurs when an 'employer knowingly permit[s]

5

conditions of discrimination in employment so intolerable that a reasonable person subject to them would resign.'" Id. (quoting Goss v. Exxon Office Sys. Co., 747 F.2d 885, 887 (3d Cir. 1984)).

Plaintiff alleges the following conduct in support of her ADEA claim: Nowak changed Plaintiff's job description to require Plaintiff to work at Magee on selected days per week. Am. Compl. ¶¶ 19-20 (Doc. 7). "Nowak with younger co-workers, verbally harassed Plaintiff." Id. at ¶ 22. "Nowak and the younger co-workers yelled and humiliated Plaintiff during her training at Magee." Id. at ¶ 23. "Nowak threw documents all over the floor on purpose and then ordered only that the Plaintiff get down and pick them all up while Nowak and younger co-workers laughed at her." Id. at ¶ 27. Accepting these allegations as true, and examining the "totality of circumstances," it is plausible that a reasonable person would find the work environment hostile or abusive and that the work conditions were so intolerable that a reasonable person subject to them would resign. Plaintiff, therefore, has alleged sufficient facts to support a reasonable inference that a hostile work environment existed and that Plaintiff was constructively discharged.

Defendant also argues that Plaintiff has not alleged any facts from which it could be inferred that age was the motivation for the alleged discrimination. Def.'s Br. 8 (Doc. 9). Plaintiff states that this case is brought pursuant to the ADEA, alleges that she is over the age of forty, and alleges that she "was discriminated against because of her age as set forth hereafter." Am. Compl. ¶¶ 2, 14-15 (Doc. 7). Plaintiff further alleges that she "witnessed Nowak favoring younger employees and did not speak to them in the unprofessional and harassing manner she addressed Plaintiff," and that "Nowak also pulled stunts to single out and embarrass Plaintiff because of her age." Id. at ¶¶ 25-26. These allegations are sufficient to support a reasonable

inference that the alleged discrimination was because of Plaintiff's age. See Fowler v. UPMC Shadyside, 578 F.3d 203, 212 (3d Cir. 2009) (finding that allegation that Plaintiff was "terminated because she was disabled," along with repeated references to the Rehabilitation Act, were sufficient to state a discrimination claim under the Rehabilitation Act).

Defendant's motion to dismiss, therefore, is denied with respect to Plaintiff's ADEA claim.

### B. Disability Discrimination

Plaintiff's disability discrimination claim under the ADA appears to be a claim for failure to accommodate. See Am. Compl. ¶¶ 32-36 (Doc. 7). Plaintiff alleges that she is disabled due to anxiety, high blood pressure and panic attacks. Id. at ¶ 33. Plaintiff alleges that she informed Defendant about her disabilities, and that Defendant "did not engage in any meaningful process with Plaintiff to accommodate her disabilities." Id. at ¶¶ 33, 36. Plaintiff alleges that she "requested a reasonable accommodation under the ADA to be scheduled at Mercy Hospital instead of Magee." Id. at ¶ 65. Plaintiff acknowledges that her accommodation request was granted, but alleges that Defendant only "temporarily permitted Plaintiff to return to work at Mercy," and that "Defendant's tone established that Plaintiff solely working at Mercy was temporary." Id. at ¶¶ 66-67. Plaintiff further alleges that she "anticipated a return to Magee and continued harassment." Id. at ¶ 73. Accepting as true Plaintiff's allegation that Defendant granted Plaintiff's requested accommodation only temporarily, Plaintiff has alleged sufficient facts in support of her ADA failure to accommodate claim. Defendant's motion to dismiss Plaintiff's ADA claim is denied.

### C. Retaliation

Plaintiff also asserts a "retaliation" claim. See Am. Compl. ¶¶ 37-41 (Doc. 7). Plaintiff's retaliation claim appears to be based on the ADEA, for alleged retaliation for complaining about

age discrimination, or the ADA, for alleged retaliation for requesting accommodation for a disability.  See id.  Retaliation claims under both the ADEA and ADA are analyzed under the same standards applicable to Title VII retaliation claims.  Barber v. CSX Distribution Servs., 68 F.3d 694, 701 (3d Cir. 1995) (applying Title VII standards to ADEA claim); Krouse v. Am. Sterilizer Co., 126 F.3d 494, 500 (3d Cir. 1997) (applying Title VII standards to ADA claim).  Under these standards, retaliation is actionable only if "a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination."  Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006) (quotation marks omitted).  "[P]etty slights, minor annoyances, and simple lack of good manners" do not constitute actionable retaliation.  Id.

Plaintiff alleges that, "after complaining to HR and requesting accommodation," "Nowak disciplined Plaintiff about an alleged and vague 'attitude' issue," "Nowak specifically reprimanded Plaintiff about complaining to HR about her," and "Nowak specifically threatened Plaintiff's employment and told Plaintiff she should find another job."  Am. Compl. ¶¶ 37-41 (Doc. 7).  These allegations support a reasonable inference that Nowak's conduct would "have dissuaded a reasonable worker from making or supporting a charge of discrimination."  Burlington N. & Santa Fe Ry., 548 U.S. at 68.  Plaintiff, therefore, has stated a retaliation claim under either the ADEA or ADA, and Defendant's motion to dismiss Plaintiff's retaliation claim is denied.

### D. Interference with FMLA Rights

Defendant asserts that Plaintiff has failed to state a claim for FMLA interference because (1) she has not alleged any facts to support the legal conclusions that she "was eligible for rights pursuant to FMLA," Am. Compl. ¶ 42 (Doc. 7), and "was entitled to rights protected by the

FMLA," id. at ¶ 44, and (2) she does not allege that she was denied any right to FMLA leave. Def.'s Br. 12 (Doc. 9). Defendant's first argument warrants little attention. Plaintiff alleges that she was eligible for FMLA leave, that she requested FMLA leave, and that Defendant approved her request. Am. Compl. ¶¶ 42, 45, 51 (Doc. 7). Defendant does not dispute any of these allegations. See Def.'s Br. 12 (Doc. 9). Plaintiff's allegations are sufficient to support a reasonable inference that she was entitled to rights under the FMLA.

Plaintiff then alleges that Nowak threatened retaliation if Plaintiff pursued intermittent leave under the FMLA. See Am. Compl. ¶¶ 42-63. Discouraging employees from taking FMLA leave may constitute actionable interference with FMLA rights. See 29 U.S.C. § 2615(a)(1) ("It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter."); 29 C.F.R. § 825.220(b) ("'Interfering with' the exercise of an employee's rights would include, for example, not only refusing to authorize FMLA leave, but discouraging an employee from using such leave."); Callison v. City of Phila., 430 F.3d 117, 120 (3d Cir. 2005) ("The FMLA is meant to prohibit employers from retaliating against employees who exercise their rights, refusing to authorize leave, manipulating positions to avoid applications of the Act, or discriminatorily applying policies to discourage employees from taking leave."); Sabbrese v. Lowe's Home Centers, Inc., 320 F. Supp. 2d 311, 327-331 (W.D. Pa. 2004) (analyzing "discouraging" in 29 C.F.R. § 825.220(b), and concluding that FMLA interference claim does not require denial of leave request) (Conti, J.). Plaintiff, therefore, has alleged sufficient facts to support a reasonable inference that Defendant interfered with Plaintiff's exercise of FMLA rights.

Defendant also contends that Plaintiff has not alleged any damages recoverable under the FMLA. Under the FMLA, a Plaintiff may recover damages for "any wages, salary, employment

9

benefits, or other compensation denied or lost to such employee by reason of the violation . . . ." 29 U.S.C. § 2617(a)(1)(A). Plaintiff alleges Nowak threatened to assign Plaintiff to work at Magee if Plaintiff used intermittent FMLA leave, and that Nowak's threats made Plaintiff fear that "she would be forced to exhaust her intermittent leave quicker than intended," resulting in a worsening of her medical conditions. Am. Compl. ¶¶ 55-59 (Doc. 7). Plaintiff further alleges that Nowak's threats forced Plaintiff to refrain from using intermittent FMLA leave. Id. at ¶ 61. According to Plaintiff, she was forced to quit her job and take job that pays $2.00 less per hour, "due to intolerable conditions." Id. at ¶¶ 76, 78. Plaintiff alleges that "[b]ut for age discrimination, disability discrimination and obvious retaliation and being denied full enjoyment of FMLA leave, Plaintiff would have earned approximately $2.00 more per hour and would have continued" working for Defendant. Id. at ¶ 80. Plaintiff, thus, alleges that Nowak's interference with Plaintiff's ability to take intermittent FMLA leave contributed to Plaintiff's forced resignation. Plaintiff further alleges that, as a result, she earns $2.00 less per hour than she would have earned had she continued working for Defendant. Plaintiff's allegations are sufficient to create a reasonable inference that Defendant interfered with Plaintiff's FMLA rights, and that Plaintiff lost "wages, salary, employment benefits, or other compensation . . . by reason of the violation." 29 U.S.C. § 2617(a)(1)(A)(i)(I).

Defendant's motion to dismiss Plaintiff's FMLA claim, therefore, is denied.

## **CONCLUSION**

For all of the reasons stated above, Defendant Magee Women's Hospital of U.P.M.C.'s Motion to Dismiss (Doc. 8) is denied.

## II. ORDER

For the reasons stated above, the Court hereby **ORDERS** that Defendant Magee Women's Hospital of U.P.M.C.'s Motion to Dismiss (Doc.8) is **DENIED**.

**IT IS SO ORDERED**.

s/Cathy Bissoon<br>
Cathy Bissoon<br>
United States District Judge

April 12, 2012

cc (via e-mail):

All counsel of record.